**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:  SKYWORKS VENTURES, INC.

            Chapter 7
            Case No. 10-24459 (RTL)

  Alleged Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

Joseph J. DiPasquale, Esq.
Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
(Attorneys for Alleged Debtor)

Jay L. Lubetkin, Esq.
Rabinowitz Lubetkin & Tully, L.L.C.
(Attorneys for Petitioning Creditor)

**RAYMOND T. LYONS, U.S.B.J.**

## INTRODUCTION

The alleged debtor seeks attorney's fees, costs, compensatory damages and punitive damages against the petitioning creditor under Section 303(i) of the Bankruptcy Code. 11 U.S.C. § 303(i). Following the majority rule that reasonable attorney's fees and costs are awarded upon dismissal of an involuntary petition, the court will allow them under the circumstances of this case. Furthermore, the court finds that the petition was filed in bad faith in a two-party dispute as a litigation tactic to force a settlement. Although the alleged debtor has presented no evidence of actual damages, the court will award punitive damages after hearing further evidence.

## JURISDICTION

This court has jurisdiction of this case under 28 U.S.C. § 1334(a) & (b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all cases and proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## FINDINGS OF FACT AND PROCEDURAL HISTORY

The alleged debtor, Skyworks Ventures, Inc. (Ventures), moved to dismiss the involuntary chapter 7 petition and seeks attorney's fees, costs and damages against the petitioning creditor, Scarola Ellis LLP. The petitioning creditor cross moved to dismiss the petition and opposes any sanctions and award for fees. The court granted the motion to dismiss and retained jurisdiction over the request for fees, costs and damages.

Scarola Ellis is a New York law firm that claims Ventures owes the firm in excess of $200,000.00. Prior to these bankruptcy cases, Scarola Ellis provided legal services to Ventures for about two years. Ventures is a start-up company in the business of developing games for the internet. It raised $12 million in a series of stock offerings. Scarola Ellis represented Ventures in those matters as well as other corporate matters and litigation. During the two years between July 2007 and July 2009, Scarola Ellis billed Ventures approximately $1,100,000.00 for legal services. Ventures paid approximately $900,000.00, leaving a balance claimed of more than $200,000.00.

From time to time, Ventures complained about the amount of legal fees. Eventually, Scarola Ellis terminated the client relationship because of unpaid fees. In September 2009, Scarola Ellis initiated suit against Ventures in the United States District Court for the Southern District of New York. Ventures drafted an answer and counterclaim that it sent to Scarola Ellis, but did not file. Scarola Ellis voluntarily dismissed their suit on December 1, 2009. Settlement discussions were unproductive. Whereas Scarola Ellis was seeking payment for legal fees, Ventures sought not only cancellation of any debt but a refund of alleged over billings and compensation for alleged malpractice or breaches by the law firm. Soon thereafter, Scarola Ellis filed a second suit on December 7, 2009, but did not serve a summons or complaint for over five months. They had not served the summons and complaint at the time these bankruptcy cases commenced.

Ventures has a subsidiary, Skyworks Interactive, Inc. (Interactive). Seven creditors of Interactive filed an involuntary petition on March 31, 2010. *In re Skyworks Interactive*, No. 10-19593 (Bankr. D.N.J. filed Mar. 31, 2010). Scarola Ellis filed a motion to join as a petitioning creditor. Interactive filed an answer and counterclaim against the petitioning creditors. It also opposed Scarola Ellis's motion to join as a petitioning creditor alleging that the law firm was not a creditor of Interactive, but solely a disputed creditor of its parent company, Ventures. The court denied Scarola Ellis's motion to join as a petitioning creditor because no prior court authorization is required – a creditor may join in the petition as a matter right under 11 U.S.C. § 303(c). The court made no finding as to whether Scarola Ellis was a creditor of Interactive. Thereafter, Scarola Ellis filed a notice of joinder in the Interactive involuntary petition.

Interactive and the seven original petitioning creditors reached an agreement to compromise their claims and moved to withdraw the involuntary petition against Interactive.

The motion asserted that the petitioning creditors held the vast majority of claims against Interactive and that all other creditors were being paid according to terms or negotiated agreements. Scarola Ellis opposed the motion to withdraw the Interactive involuntary petition. Simultaneously, they filed an involuntary petition against the parent company, Ventures; then moved for joint administration of the Interactive and Ventures cases. The court granted the motion of the original petitioning creditors to withdraw the petition against Interactive and denied the motion for joint administration.

One of the petitioning creditors of Interactive was Gary Kitchen. He had been a principal of Interactive before it was acquired by Ventures, but had left the company and claimed a large amount of compensation. One of the partners of Scarola Ellis asked Mr. Kitchen if Ventures had any other creditors besides Scarola Ellis. He did not believe so. Based on this information, Scarola Ellis concluded they could file the involuntary petition against Ventures alone, without other petitioning creditors. However, in its motion to dismiss, Ventures listed twenty-one creditors.

## DISCUSSION

*Attorney's Fees and Costs*

Section 303(i)(1) of the Bankruptcy Code allows the court to award costs and a reasonable attorney's fee against a petitioning creditor if an involuntary petition has been dismissed. 11 U.S.C. § 303(i)(1). The imposition of costs and fees is discretionary, but the majority rule typically awards fees and costs to the debtor upon dismissal. *In re Silverman*, 230 B.R. 46 (Bankr. D.N.J. 1998). "As has been generally recognized, in light of Code section 303, petitioning creditors should carefully examine the risks undertaken in the filing of an involuntary

petition." *In re Landmark Distributors, Inc.*, 189 B.R. 290, 306 (Bankr. D.N.J. 1995). Ventures asks the court to follow the majority rule and enter judgment for its costs and fees.

Collier notes:

> Most of the courts determining whether to award fees and costs under 303(i)(1) and damages under 303(i)(2) to the debtor have adopted a "totality of the circumstances" test, in which certain factors are to be considered. These include (1) the merits of the involuntary petition; (2) the role of any improper conduct on the part of the alleged debtor; (3) the reasonableness of the actions taken by the petitioning creditors; and (4) the motivation and objectives behind the filing of the petition.

2 COLLIER ON BANKRUPTCY ¶ 303.33 (Alan N. Resnick & Henry J. Sommer eds., 2010) (citing *Higgins v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 379 F.3d 701, 707 (9th Cir. 2004)).

The Ninth Circuit recently held that Section 303(i)(1) is a fee shifting statute and that there is a presumption in favor of awarding fees. *In re S. California Sunbelt Developers, Inc.*, No. 08-56570, 2010 WL 2293464, at *3 (9th Cir. June 9, 2010); *see also* 2 COLLIER ON BANKRUPTCY ¶ 303.33 (Alan N. Resnick & Henry J. Sommer eds. 2010) ("Given the policy behind section 303(i) and the effort to balance the competing rights of debtors and creditors under section 303 as a whole, the better argument is that the presumption for the award of costs and fees should be in favor of the debtor."). Therefore, the Ninth Circuit places the burden of proof on the petitioners to show that fees should not be awarded. *S. California Sunbelt Developers, Inc.*, 2010 WL 2293464, at *3.

Scarola Ellis argues that in light of all the circumstances, an award of costs and fees is not warranted. They say the petition was filed against Ventures in response to the settlement among Interactive and its creditors and that they had the best interests of all creditors, of both the

parent and subsidiary, at heart.  Scarola Ellis's altruism rings hollow.  They filed the involuntary petition against Ventures after Interactive and its creditors reached a settlement to withdraw that petition.  In their moving papers, the creditors alleged a settlement among the vast majority of Interactive creditors to compromise claims and defer payment, and that all other creditors of Interactive were being paid according to terms or negotiated payment arrangements.  Scarola Ellis believed they were the only creditor of Ventures.  Therefore, the motive for filing the involuntary against Ventures was not to protect creditors of either the parent or subsidiary, but the concern that they were the only creditor being left out.  One can infer that Scarola Ellis hoped to induce a payment on their disputed claim by being an impediment to the withdrawal of the Interactive petition and by initiating the Ventures petition.

The historical policy of bankruptcy law is to serve as a collective debt-collection device for the benefit of creditors as a group.  THOMAS H. JACKSON, THE LOGIC AND LIMITS OF BANKRUPTCY LAW 3-4 (BeardBooks 1986).  Scarola Ellis's actions were intended to benefit only themselves because they felt excluded from the group, and not to benefit the group as a whole.  Under these circumstances, there is no reason to depart from the majority rule that fees and costs are typically awarded when an involuntary petition has been dismissed.  Whether one adopts the presumption that fees should be awarded, as the Ninth Circuit has done, or looks at the totality of circumstances, as Scarola Ellis argues, an award of reasonable fees and costs is warranted in this case.

*Damages*

In addition to costs and fees, the Bankruptcy Code provides that the court may award compensatory and punitive damages against a petitioner who filed in bad faith.  11 U.S.C. § 303(i)(2).  The totality of circumstances should be considered in determining whether the

6

petitioner acted in bad faith including whether the petition was filed for an improper use or purpose and the subjective and objective motives. *Silverman*, 230 B.R. at 52; *Landmark Distributors, Inc.*, 189 B.R. at 309-10.

First, Scarola Ellis knew that their standing to file a petition was questionable. Section 303(b)(1) makes ineligible petitioning creditors whose claims are "contingent as to liability or the subject of a bona fide dispute as to liability or amount." Left undefined by Congress, the Third Circuit adopted a definition for "bona fide dispute" as follows:

> The test to be applied in determining the existence *vel non* of a bona fide legal dispute in this context has been described in various ways. For example, in *In re Johnston Hawks, Ltd.*, 49 B.R. 823 (Bky.Dist. of Hi.1985), a bona fide dispute was defined as "a conflict in which an assertion of a claim or right made in good faith and without fraud or deceit on one side is met by contrary claims or allegations made in good faith and without fraud or deceit on the other side". *Id.* at 830. In *In re Stroop*, 51 B.R. 210 (D.Colo.1985), the test was equated with the standards for granting summary judgment. A more complete formulation was expressed in *In re Lough*, 57 B.R. 993 (Bky.E.D.Mich.1986), *viz*: "If there is a genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." *Id.* at 997. The Seventh Circuit Court of Appeals has adopted that definition with a gloss, see *In re Busick*, 831 F.2d 745 (7th Cir.1987) ("substantial" factual and legal questions raised by debtor preclude finding of involuntary bankruptcy), which the parties agree is acceptable, and we adopt it here.

*B.D.W. Assoc., Inc. v. Busy Beaver Bldg. Ctrs, Inc.*, 865 F.2d 65, 66-67 (3d Cir. 1989). In 2005 Congress added the language "as to liability or amount" after "subject of a bona fide dispute." H.R. REP. NO. 109-31 (2005).

Scarola Ellis argues that a portion of their claim is undisputed, which is all that is required to establish a *prima facie* case that a bona fide dispute does not exist. However, the court finds that none of the alleged outstanding debt is undisputed. Furthermore, this is not an

accurate statement of the law after the 2005 amendments to Section 303(b)(1).[1]  Ventures proffered emails and testimony of its Chief Executive Officer ("CEO"), who continuously disputed the bills from Scarola Ellis throughout the representation.  Additionally, Scarola Ellis withdrew their suit after seeing Ventures' draft answer and counterclaim alleging Ventures is owed damages from Scarola Ellis.  Settlement negotiations between the parties fell apart when Ventures demanded a significant amount of money from Scarola Ellis for over billing.  That may explain why their first salvo was the prophylactic motion to join the involuntary petition against Interactive, rather than merely filing the notice of joinder.  The mere existence of the counterclaims can result in a bona fide dispute.  In a pre-BAPCPA case with analogous facts, the Second Circuit found that "[w]hile it is clear that a claim is not subject to a bona fide dispute simply because the debtor has an unrelated counterclaim against a petitioning creditor, where a claim for offset arises out of the same transaction and is directly related to the creditor's underlying claim, and, if valid, could serve as a complete defense to that claim, a bona fide dispute exists."  *In re BDC 56* LLC, 330 F.3d 111, 120 (2nd Cir. 2003) (citing *Chi. Title Ins. Co. v. Seko Inv., Inc. (In re Seko Inv., Inc.)*, 156 F.3d 1005, 1008-09 (9th Cir. 1998)). Accordingly, at the time of the filing, Scarola Ellis knew that their claim was disputed as to

---

[1] This was generally the law pre-BAPCPA.  *See IBM Credit Corp. v. Compuhouse Systems, Inc.*, 179 B.R. 474, 479 (W.D. Pa. 1995) (citing *In re Willow Lake Partners II, L.P.*, 156 B.R. 638, 643 (Bankr. W.D. Mo. 1993)); *In re F.R.P. Indus., Inc.*, 73 B.R. 309, 312 (Bankr. N.D. Fla. 1987); *In re Onyx*, 60 B.R. 492, 497 (Bankr. S.D.N.Y. 1985)) ("[I]t is clear that if at least a portion of the debt that is the subject of the petition is undisputed, the undisputed portion is sufficient to create a debt under Section 303(b)(1) not subject to a bona fide dispute."). However, after the addition of "as to liability or amount" in 2005, courts are split on the issue.  *Compare In re Euor-American Lodging Corp.*, 357 B.R. 700, 712 n.8 (Bankr. S.D.N.Y. 2007) ("As a result of the amendment, any dispute regarding the amount that arises from the same transaction and is directly related to the underlying claim should render the claim subject to a bona fide dispute."), *with In re DemirCo Holdings Inc.*, 2006 Bankr. LEXIS 1131 (Bankr. C.D. Ill. June 9, 2006) ("[T]his Court cannot presume that Congress added the phrase 'as to liability and amount' with the intent that the claims of involuntary petitioners must now be fully liquidated either by agreement or judgment so that no dispute exists as to any portion of such claims.  Without clear legislative intent, this Court cannot presume such a change in the law and declines to do so.").  While this court prefers the New York Bankruptcy Court's interpretation of the change to Section 303(b)(1), there is no need to resolve this issue here, as explained *infra*.

liability and amount and that their standing to file an involuntary petition was highly questionable.

Second, Scarola Ellis's efforts to determine if Ventures had more than twelve creditors (which would have required at least three petitioners) was perfunctory. They spoke with a former officer and director of Interactive who was clearly disgruntled and was a petitioning creditor against Interactive. They did not pursue the ordinary methods creditors use to assess their debtors such as a credit check, judgment search or lien search. *See Silverman*, 230 B.R. at 48.

Third, an alternate forum existed to resolve the dispute between Scarola Ellis and Ventures. In fact, after withdrawing their first complaint, Scarola Ellis filed a second complaint in the District Court but sat on it for five months and failed to serve the summons and complaint.

Fourth, Scarola Ellis's perfunctory inquiry suggested that they were the only creditor of Ventures. They feared that all other creditors of Interactive had reached an accommodation, but they were left out.

Under the totality of circumstances, the court finds that Scarola Ellis filed the involuntary petition against Ventures in bad faith. They did not have the interests of other creditors at heart. The petition was not filed in the traditional spirit of collective creditor action; rather, it was an attempt to force Ventures to settle the disputed claim of Scarola Ellis by impeding the dismissal of the Interactive case and throwing Ventures into bankruptcy. This was a litigation tactic that Scarola Ellis hoped would shortcut the suit in the District Court where they anticipated a defense and counterclaim would be filed if they served the summons and complaint.

***Compensatory Damages***

The evidence of actual damages is general and nebulous. In his certification in support of sanctions, Ventures' CEO states:

> 28. The Involuntary Petition has required that Skyworks Ventures spend significant time and incur significant expense in defense of the Involuntary Petition, instead of using this money and time to build its business. The Involuntary Petition has adversely affected Skyworks Ventures's ability to succeed in a very competitive marketplace. Additionally, Skyworks Ventures has been forced to delay a capital raise needed to accelerate its business until the Involuntary Petition is dismissed. Skyworks Ventures has been publicly embarrassed by the filing of the Involuntary Petition. For all of these reasons, Skyworks Ventures should be awarded damages, fees, and costs.

The CEO also testified at the hearing but failed to provide any specific evidence of actual pecuniary loss. In its brief in support of sanctions, Ventures argues, "Thus, insofar as it suffered compensatory damages as a consequence of the involuntary petition filing, Skyworks Ventures is entitled to the payment of such damages pursuant to section 303(i)(2)(A)." The court has no basis on which to calculate compensatory damages.

*Punitive Damages*

The court has concluded that Scarola Ellis filed this involuntary petition without support from other creditors to foster solely their own interests. They were concerned that all other creditors of Interactive had settled but they were left out of the deal. In addition, the court concludes that filing the petition was a tactical maneuver to avoid prosecuting the second suit in the District Court that they had filed, but never served. They knew that Ventures intended to vigorously defend that suit and would file counterclaims that Ventures asserted exceeded any amounts due to Scarola Ellis. By filing the involuntary petition, Scarola Ellis hoped to pressure Ventures into settling and abandoning its affirmative claims. This was an improper use of the bankruptcy process for an improper purpose. This two-party dispute should be resolved in a trial

court of general jurisdiction. Considering all the facts and circumstances, the court finds that the petition was filed in bad faith and that an award of punitive damages is warranted.

## **CONCLUSION**

Upon dismissal of an involuntary petition, an award of reasonable attorney's fees and costs is typical. 11 U.S.C. § 303(i)(1). Here the petitioner knew that the alleged debtor intended to vigorously contest liability for any debt and petitioner had initiated a proceeding in District Court where that dispute could have been resolved. The involuntary petition should not have been used to avoid litigation; therefore, reasonable attorney's fees and costs will be awarded. Furthermore, the petition was filed in bad faith. Although the alleged debtor presented no evidence of actual damages, the court will award punitive damages. An additional hearing will be scheduled to fix the amount of fees, costs and punitive damages.

Dated: July 15, 2010                    /S/*Raymond T. Lyons*
                                        United States Bankruptcy Judge